UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDWARD J. LANG,

                                  Plaintiff,

              -against-

TOWN OF TUSTEN, NY. IGOR SMETANIUK
and GARY W. AMERBACH,

                           Defendants.

------------------------------------------------------------------X

**ECF CASE**

**JUDGE BRICCETTI**

**14 CV 4136**

**COMPLAINT**

**DEMANDS TRIAL
BY JURY**

Plaintiff, Edward J. Lang, by his attorneys Robert N. Isseks and Christopher E. Gurda, complaining of the defendants, alleges as follows:

## PARTIES

1. At all times hereinafter mentioned plaintiff, Edward Lang, is an individual residing in the Town of Tusten, New York.

2. Defendant Town of Tusten is a municipality located in the County of Sullivan, New York.

3. Defendant Igor Smetaniuk was at all times relevant to the claims against him the Code Enforcement Officer for the Town of Tusten.  Smetaniuk is being sued in his individual capacity.

4. Defendant Gary W. Amerbach was at all relevant times to the claims against him the Building Inspector/Code Enforcement Officer for the Town of Tusten. Amerbach is being sued in his individual capacity.

## JURISDICTION AND VENUE

5. This is a civil action authorized by 42 U.S.C. §1983 seeking declaratory and injunctive relief and compensatory and punitive damages to redress the deprivations, under the color of state law, of rights secured to plaintiff by the First Amendment to the United States Constitution. Jurisdiction is conferred by 28 U.S.C. §§1331, 1343, and 2201.

6. This action is properly filed in the United States District Court for the Southern District of New York, as authorized by 28 U.S.C. §1391, inasmuch as jurisdiction of this action is not founded on diversity of citizenship, each claim arose within the Southern District of New York and the defendants' principal place of business is located in the Southern District of New York.

## STATEMENT OF CLAIMS

7. On April 4, 2011, at a regular meeting of the Town of Tusten Zoning Board of Appeals (the "Board"), Resolution No. 02-11 was adopted by the Board approving a letter from Board Chairman Tony Ritter to the Code Enforcement Officer, Igor Smetaniuk, to be mailed by certified mail to plaintiff's address at 93 Erie Ave, Narrowsburg, NY in reference to a sign on the front of the garage. The letter addressed to Smetaniuk (Exhibit 1) provided in pertinent part:

> Your letter to Mr. Lang mailed to his place of business will include the following:
>
> Your office directs Mr. Lang to remove the sign in question on his garage (photo attached) on 93 Erie Street within one (1) week of acknowledgment of your certified letter.
>
> Failure to comply with Tusten Code 5.4, and more specifically:

*Tusten 5.4.1 (1)*

*Tusten 5.4.1 (16)*

within one week of receipt, the Zoning Board of Appeals directs your office to issue a violation notice which will be mailed via certified return receipt mail to Mr. Lang at his place of business.

Your office will also copy this board, the Town Supervisor and the Tusten Town Clerk as well.

In addition, failure to comply with not removing this sign, your office will also place a standard violation sticker on the sign affixed to the garage at 93 Erie Street so it is visible to the public.

Lastly, if the sign is not taken down within the time period outlined above, this violation of town code will be treated by your office like any other violation that you are charged with enforcing within the Town of Tusten.

8. Despite the fact that at the time of the aforementioned resolution there were approximately 20 signs in addition to plaintiff's that were in violation of the Tusten Code, the Board never took action to send a letter of similar import to any of the other violators. Plaintiff's sign was the only sign for which the Code Enforcement Officer was directed to have removed pursuant to Board resolution.

9. By Information and Complaint dated June 20, 2011 (Exhibit 2), then Town of Tusten Code Enforcement Officer, Igor Smetaniuk, pursuant to Town of Tusten policy as expressed in, *inter alia*, Zoning Board of Appeals Resolution No. 02-11, charged plaintiff "with having committed the violation of affixing a sign in excess of allowed size for the General Residential District on his premises know [sic] as tax map number 12.-3-2 at 93 Erie Avenue, in the Town of Tusten, in violation of Section 5.4 – SIGNS of the Town of

Tusten Zoning Law and more specifically pertaining to *Tusten* 5.4.1(1); *Tusten* 5.4.1 (16)." Smetaniuk's Information and Complaint alleged:

> On or about the 2nd week in February, 2011, a sign, having a gross square measurement of 3 ft. x 10 ft. and exactly 29.25 square feet, was affixed to the front face of a detached garage located at 93 Erie Ave, Narrowsburg, NY in the Town of Tusten.  Mr. Edward Lang, the property owner, was notified verbally that the sign was non-conforming for that District (greater than 4 square feet) and was asked by the Code Enforcement Officer – Igor Smetaniuk to remove the sign.  In failure to do so, a Violation notice was posted on the 7th day of April 2011, at 2:15 pm.

10.  The sign that was the subject of the Information and Complaint contained the message: "Let's get frack'n just pass the gas."

11.  The word "frack'n" in plaintiff's sign referred to induced hydraulic fracturing or hydrofracturing, commonly known as "fracking", a mining technique which, prior to 2011 and continuing to the present has been the subject of considerable controversy and public debate in the Town of Tusten.

12.  At all times relevant to this action, the majority of the members of the Town of Tusten Town Board and Zoning Board of Appeals were (and continue to be) opposed to fracking in the Tusten area.

13.  Prior to Smetaniuk's execution of the Information and Complaint plaintiff explained to Smetaniuk that he would take down the subject sign as long as the approximately 20 other signs in and about the Town of Tusten that were also not in conformity with the Town's zoning laws were required to be removed, as well. Smetaniuk's response to plaintiff was that the Town was only interested in plaintiff's sign

and that the Town would be following through with the prosecution of the charge against plaintiff.

14. Smetaniuk's filing of the Information and Complaint and prosecution of plaintiff was pursuant to a policy of the Town of Tusten to suppress, punish and/or deter public speech which either supports or promotes the use of fracking in the Tusten area or is otherwise critical of any position or action taken by an official of the Town of Tusten.

15. As a result of Smetaniuk's prosecution of the charge set forth in the Information and Complaint plaintiff was forced to appear in court and to retain counsel to defend him.

16. On November 7, 2011, at a meeting of the Town of Tusten Zoning Board of Appeals, plaintiff, who was then a member of the Board, brought up the fact that the Board's Chairman, Tony Ritter, was committing the same over-sized sign violation for which plaintiff was being prosecuted; specifically, plaintiff stated that an election sign supporting Ritter and others placed on State Route 97 and Kirk Road was 4 feet by 4 feet in violation of the Code because it was located in the General Residential District which clearly prohibits election signs in excess of 2 feet by 2 feet. Ritter responded that he did not put up the sign and thus would not take responsibility for it and the Board took no action.

17. On November 8, 2011, plaintiff submitted a sign application to the Town of Tusten (Exhibit 3). The purpose of this application was to obtain permission to erect a sign on Kink Road in the Town of Tusten expressing his support of fracking in the Tusten area.

18.  On November 9, 2011, plaintiff provided Smetaniuk with a digital image of his proposed sign which, although it would not download for Smetaniuk's complete review, showed that the sign contained, in part, "The Narrowsburg Inn Welcomes American Gas . . . American Jobs."

19.  On November 10, 2011, Smetaniuk informed plaintiff by email (Exhibit 4) that his sign application was incomplete and that plaintiff needed to provide, in triplicate, a scaled drawing to show: design, dimensions, colors of graphics, sign structure, illumination source, placement of the sign relative to the building or structure on which it was located and its location to nearby buildings, structures, street lines and property lines. Smetaniuk further informed plaintiff that the image he had sent on November 9th would not download for complete review and asked plaintiff to "resubmit the image file along with all of the required information above so that [the] permit can be reviewed and processed by the Town of Tusten Building Department."

20.  The requirement that plaintiff submit an image of the sign for the Building Department's review, as set forth in Smetaniuk's November 10th email, was not pursuant to any state or town code, rule, law or regulation and was not imposed on other sign permit applications submitted to the Town.

21.  On November 11, 2014, plaintiff objected to being required to submit the graphics of the sign to support his sign permit application and assured Smetaniuk that the sign would contain no foul language or slurs.

22.  By letter dated November 29, 2011 (Exhibit 5) Smetaiuk, on behalf of the Town, informed plaintiff:

This office has received your sign application dated November 8, 2011, site plan, partial drawing and $25.00 application regarding the above referenced parcel.

This office is not able to process your application due to it being incomplete. In order for the application to be considered completed, please provide to this office a scaled drawing to an appropriate scale as necessary to show the design, dimensions, and colors of the graphics and sign structure, details of any illumination sources, and placement of the sign relative to the building or structure on which it is located and/or in relation to nearby buildings, structures, street lines and property lines in accordance with 1998 Tusten Zoning Law 5.4.8 (b).

Please advise if you wish to continue with your proposed sign, otherwise, we can return you $25.00 application fee.

Thank you for your attention to this matter.

23. The conditions and requirements set forth in Smetaiuk's November 29, 2011 letter were applied to plaintiff's sign application in a manner different from the manner in which such conditions and requirements were applied to other sign applications submitted to the Town. Specifically, plaintiff was held to a higher, more precise and detailed standard with respect to the scale of his drawing and the extent to which it showed the sign's design, dimensions, colors, structure and placement.

24. The conditions and requirements placed upon plaintiff's sign application as set forth in Smetaniuk's November 10, 2011 email and November 29, 2011 letter were imposed pursuant to the aforementioned policy of the Town of Tusten to suppress, punish and or deter public speech which either supports or promotes the use of fracking in the Tusten area or is otherwise critical of any position or action taken by an official of the Town of Tusten.

25. By letter dated May 30, 2012 from then Town of Tusten Building Inspector/Code Enforcement Officer Gary W. Amerbach, plaintiff was advised that on

May 29, 2012 the Building Department conducted a site inspection of plaintiff's property known as the Narrowsburg Inn, SBL: 10-2-3 and that the following violations were observed and required immediate remedy:

- Tusten Zoning 5.1.1(B) – Clear sight triangle (75 ft.) visually obstructed by portable sign and construction equipment.
- Tusten Zoning 10.2.1 – Unlawful extension of use of property – Construction equipment stored on restaurant property. (Pre-existing Special Use).
- Tusten Zoning 13.3.3 – Off premise Portable sign not allowed
- Tusten Zoning 13.3.3 – Political message sign size in excess of 4 sq. ft.

Amerbach's letter continued:

Please remove the construction equipment and the sign that is carried on the construction trailer immediately. Failure to remove the offending items by June 08, 2012 will result in fines and/or imprisonment in accordance with NYS and local law.

26. The so-called "sign" which was the subject of Amerbach's May 30, 2012 letter was not a sign but was a structure permanently affixed to trailer licensed by the NYS Department of Motor Vehicles and it contained the following message critical of the Tusten officials: "The Esplanade to Nowhere! $154,000 Wasted! We will Remember in November!"

27. Plaintiff removed the construction equipment but he did not remove the sign and as a result he was prosecuted on the charges set forth in Amerbach's May 30, 2012 letter and was again forced to retain counsel and appear in court in order to defend against the charges.

28. The prosecution of the charges set forth in Amerbach's May 30, 2012 letter was arbitrary and capricious and constituted a selective and unlawful enforcement of the

Town's Code for the purpose of preventing and deterring plaintiff from engaging in political speech and from expressing his views on other matters of public concern and to retaliate against plaintiff for his having engaged in such First Amendment protected activity.

29. The prosecution of the charges set forth in Amerbach's May 30, 2012 letter was pursuant to the aforementioned policy of the Town of Tusten to suppress, punish and/or deter public speech that supports or promotes the use of fracking in the Tusten area or is critical of any officials of the Town of Tusten.

30. On or about December 10, 2012 the Town Board of the Town of Tusten withdrew and moved to dismiss all charges filed by the Town against plaintiff.

31. On January 13, 2013, Amerbach voided plaintiff's aforementioned sign application, which was then still pending, on the ground that the information submitted in support of the application was purportedly "insufficient" and that plaintiff had purportedly refused to submit a "graphic." The voided application is attached as Exhibit 6.

32. The aforementioned reasons for voiding plaintiff's sign application were pretextual in that plaintiff's application was being held to a higher standard than other sign applicants similarly situated and the real reason for voiding plaintiff's application was to further the policy of the Town of Tusten to suppress, punish and or deter public speech which either supports or promotes the use of fracking in the Tusten area or is otherwise critical of any position or action taken by an official of the Town of Tusten.

33. Defendants' conduct as set forth above was in retaliation against plaintiff for his having exercised his First Amendment rights to freedom of speech and freedom to engage in political activity and for the purpose of deterring plaintiff and others similarly situated from exercising such rights in the future.

34. As a result of the unconstitutional conduct of the defendants as set forth above, plaintiff has been stigmatized, caused to suffer humiliation and anguish and pecuniary loss.

35. The acts of defendants as set forth above constitute an ongoing, intentional policy and practice of punishing plaintiff for the exercise of his First Amendment rights to free speech and political activity and to deter plaintiff and others from exercising those rights in the future.

36. The conduct of the defendants as set forth above has had, and continues to have, an objective chilling effect upon plaintiff's exercise of his First Amendment rights to free speech and political activity, in that a reasonable person in plaintiff's position would perceive the defendants' conduct as a threat of further punishment if he or she in the future attempts to publicly express his or her political views or other positions about matters of public concern.

37. By virtue of the chilling effect which the aforementioned conduct and policy has had, and continues to have, upon plaintiff's First Amendment rights to freedom of speech and political activity, as well as the First Amendment rights of others, plaintiff has been and continues to be irreparably injured and will suffer further irreparable injury if the defendants' conduct is not declared to be unconstitutional.

38.  The unconstitutional conduct of the individual defendants as set forth above was performed in bad faith and with a deliberate indifference to plaintiff's constitutional rights.

39.  By virtue of the foregoing, plaintiff is entitled to awards of compensatory damages against the defendants.

40.  By virtue of the foregoing, plaintiff is entitled to awards of punitive damages against the individual defendants.

41.  Plaintiff does not have an adequate remedy at law and is therefore also entitled to equitable relief.

WHEREFORE, plaintiffs ask this Court to:

A.  Issue an order adjudging and declaring that the defendants' conduct violated and continues to violate plaintiff's right to freedom of speech guaranteed by the First Amendment to the United States Constitution;

B.  Issue an order directing that the defendants grant plaintiff's sign application that had been voided by the defendants;

C.  Award plaintiff compensatory damages against the defendants;

D.  Award plaintiff punitive damages against the individual defendants;

E.  Award plaintiff the costs and disbursements of this action;

F.  Award plaintiff reasonable attorney fees; and

G.  Grant plaintiff such further and other relief as to this Court may seem just and proper.

Dated: June __, 2014

ROBERT N. ISSEKS, ESQ. (RI 0241)
6 North Street
Middletown, NY  10940
845-344-4322

CHRISTOPHER E. GURDA, ESQ.
GURDA LAW OFFICE
41 Dolson Avenue, P.O. Box 578
Middletown, New York 10940
(845) 343-2101

Attorneys for Plaintiff

**Town of Tusten**
**Zoning Board of Appeals**
**Narrowsburg, NY  12764**
**845.252.7146**

April 5 2011

Mr. Igor Smetaniak
Town of Tusten
Code Enforcement Officer
210 Bridge Street
PO Box 195
Narrowsburg, NY  12764

**BY CERTIFIED / RETURN RECEIPT MAIL**
Re: Signage – Tusten #12-3-2 – E. LANG

Dear Tusten Code Enforcement Officer Smetaniak,

The Town of Tusten Zoning Board of Appeals met at their monthly meeting on Monday, April 4 2011.

On the agenda, was the topic of the sign at 93 Erie Street, Narrowsburg, New York.

This parcel is also known listed as Tusten Section 12 Block 3 Lot 2 on the current tax rolls and is located in the General Residential District (GR) in the hamlet of Narrowsburg and the owner of record is Mr. Edward Lang.

This board is in receipt of the following documents:

- A letter of opinion from John Kelly, Esq.
- A letter of opinion from Jeffrey Clemente, Esq.
- A letter to the Zoning Board of Appeals requesting that your decision, or lack thereof, regarding the sign affixed to the garage at 93 Erie Street, be placed on their April 2011 meeting agenda and considered by the Tusten Zoning Board of Appeals.  This letter has been signed by thirteen (13) individuals residing in the Town of Tusten.

-2-

Upon review of all the materials described above and the meeting which occurred on April 4th 2011, this board directs your office to send by certified return receipt letter to the following individuals:

1) Mr. Edward Lang

2) Tusten Town Clerk, Kathy Michell

3) Town Supervisor Margaret Harrison and

4) Anthony Ritter, Chairman Tusten Zoning Board of Appeals

Your letter to Mr. Lang mailed to his place of business will include the following:

**Your office directs Mr. Lang to remove the sign in question on his garage (photo attached) on 93 Erie Street within one (1) week of acknowledgment of your certified letter.**

Failure to comply with Tusten Code 5.4 , and more specifically:

*Tusten 5.4.1. (1)*

*Tusten 5.4.1 (16)*

within one week of receipt, the Zoning Board of Appeals directs your office to issue a violation notice which will be mailed via certified return receipt mail to Mr. Lang at his place of business.

Your office will also copy this board, the Town Supervisor and the Tusten Town Clerk as well.

In addition, failure to comply with not removing this sign, your office will also place a standard violation sticker on the sign affixed to the garage at 93 Erie Street so it is visible to the public.

Lastly, if the sign is not taken down within the time period outlined above, this violation of town code will be treated by your office like any other violation that you are charged with enforcing within the Town of Tusten.

-3-

If you have any questions please do not hesitate to contact me.

By motion and unanimous vote of the Town of Tusten Zoning Board of Appeals on Monday, April 4 2011.

Sincerely,


Anthony Ritter, Chairman
Kevin McDonough
Neal Latkowski
Wade Conklin
Liza Phillips


Town of Tusten
Zoning Board of Appeals

Cc: Town Supervisor M. Harrison
    Town Clerk K. Michell
    Planning Board Chairman E. Jackson
    Jeffery Clemente, Esq.
    John Kelly, Esq.


/ attachments:  Letter from J. Kelly, Esq.
                Email from J. Clemente, Esq.

STATE OF NEW YORK
LOCAL CRIMINAL COURT

COUNTY OF SULLIVAN
TOWN OF TUSTEN

THE PEOPLE OF THE STATE OF NEW YORK

vs.

EDWARD LANG

INFORMATION AND
COMPLAINT

BE IT KNOWN THAT, by this information, Igor Smetaniuk, Code Enforcement Officer for the Town of Tusten, as the Complainant herein, stationed at 210 Bridge Street, Narrowsburg, NY, 12764, accuses EDWARD LANG, the above mentioned Defendant, with having committed the violation of affixing a sign in excess of allowed size for the General Residential District on his premises know as tax map number 12.-3-2 at 93 Erie Avenue, in the Town of Tusten, in violation of Section 5.4 - SIGNS of the Town of Tusten Zoning Law and more specifically pertaining to Tusten 5.4.1 (1); Tusten 5.4.1 (16) .

To wit:  On or about the 2nd week in February, 2011, a sign, having a gross square measurement of 3 ft. x 10 ft. and exactly 29.25 square feet , was affixed to the front face of a detached garage located at 93 Erie Ave, Narrowsburg, NY in the Town of Tusten. Mr. Edward Lang, the property owner, was notified verbally that the sign was non-conforming for that District (greater than 4 square feet) and was asked by the Code Enforcement Officer – Igor Smetaniuk to remove the sign. In failure to do so, a Violation notice was posted on the 7th day of April 2011, at 2:15 pm.

The above allegations of fact are made by the Complainant herein on direct knowledge.

Penalties will be sought pursuant to Violation Section 14.2 of the Town of Tusten Code Enforcement Law. Penalties shall be sought on a continuing per day basis.

In a written instrument, any person who knowingly makes a false statement, which such person does not believe to be true has committed a crime under the laws of the State of New York punishable as a Class A Misdemeanor.  (PL section 210.45)

Affirmed under penalty of perjury
On this 20th day of June, 2011


Igor Smetaniuk - Code Enforcement Officer
Complainant
Town of Tusten


AFFIRMED   ·  BEFORE
ME THIS 20th day of June, 2011

Notary Public

JEFFREY P. CLEMENTE
Notary Public, State of New York
Sullivan County, Clerk's #4174.4

RECEIVED
NOV -- 11
BY:


Sn077-11

**TOWN OF TUSTEN BUILDING DEPARTMENT**
210 BRIDGE STREET, PO BOX 195
NARROWSBURG, NEW YORK 12764
845-252-3693        FAX 845-252-7476
EMAIL: codeenforce@hvc.rr.com

# APPLICATION FOR SIGN PERMIT

**FEE IS $25.00**

DATE: 11/8/11

NAME: _No WORRIES LLC_

ADDRESS: _PO Box 485  Narrowsburg  NY 12764_

TELEPHONE: _252-3000_

TAX MAP    SECTION: _10_    BLOCK: _2_    LOT: _3_

ZONE DISTRICT _DB_

PROPOSED LOCATION OF SIGN _On Kirk Rd_

SIZE: _4 x 8'_

ONE FACE _✓_                    TWO FACES

HEIGHT FROM GROUND: (BOTTOM OF SIGN) _4'_

                    (TOP OF SIGN) _8'_

Provide, in triplicate, a scaled drawing to show:

    Design
    Dimensions
    Colors of graphics
    Sign structure
    Illumination source
    Placement of sign relative to the building or structure on which it is located
    Location to nearby buildings, structures, street lines and property lines

_____        11/8/11
Signature of Applicant                  Date

APPLICATION VOIDED 1-3-2013
DUE TO INSUFFICIENT INFO
APPLICANT REFUSED TO SUBMIT GRAPHIC.
Gary W. Cerwhel



Ned's Sign







The Narrowsburg Inn Welcomes

American GAS

**From:** Ned Lang <ned.enviroventure@gmail.com>
**Date:** November 10, 2011, 1:51:56 PM EST
**To:** Codeenforce <codeenforce@tusten.org>
**Subject: Re: Sign for Narrowsburg Inn**

Hi Igor,

I am happy to get you the dimensions, colors, and site placement info. At this point I am not planning to illuminate the sign so I can only assume that illlumination is a mute point. I do have an issue however that I need to submit the graphics of the sign .I feel that requitement is an infringement on my rights as a citizen.   I can assure you that will be no foul language or slirs. I need you to send me info regarding what authority or rule are you relying on to require this info and withhold my application to place a sign on one of my properties?

I will forward the info which I feel is pertinent as stated above intriplicate in the next couple of days.

I look forward to hearing from you.

Ned

On Thu, Nov 10, 2011 at 12:04 PM, Codeenforce <codeenforce@tusten.org> wrote:

Ned,

Your recently permit application for the Narrowsburg Inn is incomplete for the following reasons as stated on the application form:

Provide, in triplicate, a scaled drawing to show:

Design

Dimensions

Colors of Graphics

1

Sign structure

Illumination source

Placement of sign relative to the building or structure on which it is located

Location to nearby buildings, structures, street lines and property lines

We are in receipt of your image file sent to our office on November 9th, 2011, however, the image would not download for complete review by our office.

Please resubmit the image file along with all of the required information above so that your permit can be reviewed and processed by the Town of Tusten Building Department.

Respectfully submitted by,

Igor Smetaniuk

Building Inspector

Code Enforcement Officer

Town of Tusten

---

**From:** Ned Lang [mailto:ned.enviroventure@gmail.com]
**Sent:** Wednesday, November 09, 2011 4:04 PM
**To:** Codeenforce
**Subject:** Fwd: Sign for Narrowsburg Inn

Hi Igor,

I have enclosed the pic of the sign that I will put at the Inn.

Let me know if you have any questions.

tks

NEd

--

www.enviroventures.com // BioSolids management-portable restroom services-rolloff services

www.weplumb.com // Roto-Rooter plumbing and septic services

--

www.enviroventures.com // BioSolids management-portable restroom services-rolloff services

www.weplumb.com // Roto-Rooter plumbing and septic services

--

www.enviroventures.com // BioSolids management-portable restroom services-rolloff services
www.weplumb.com // Roto-Rooter plumbing and septic services

TOWN OF TUSTEN BUILDING DEPARTMENT
210 BRIDGE STREET, PO BOX 195
NARROWSBURG, NEW YORK 12764
845-252-3693        FAX 845-252-7476
EMAIL:  codeenforce@tusten.org

November 29, 2011

No Worries LLC
Attn: Ned Lang
PO Box 485
Narrowsburg, NY  12764

Re:    10.-2-3

Dear Ned:

This office has received your sign application dated November 8, 2011, site plan, partial drawing and $25.00 application regarding the above referenced parcel.

This office is not able to process your application due to it being incomplete.  In order for the application to be considered complete, please provide to this office a scaled drawing to an appropriate scale as necessary to show the design, dimensions, and colors of the graphics and sign structure, details of any illumination sources, and placement of the sign relative to the building or structure on which it is located and/or in relation to nearby buildings, structures, street lines and property lines in accordance with 1998 Tusten Zoning Law 5.4.8 (b).

Please advise if you wish to continue with your proposed sign, otherwise, we can return your $25.00 application fee.

Thank you for your attention to this matter.

Very truly yours,

Igor Smetaiuk, Code Enforcement Officer

IS:js

RECEIVED
NOV ... ...
BY: _____

*Sn077-11*

# TOWN OF TUSTEN BUILDING DEPARTMENT
## 210 BRIDGE STREET, PO BOX 195
## NARROWSBURG, NEW YORK 12764
## 845-252-3693     FAX 845-252-7476
## EMAIL: codeenforce@hvc.rr.com

# APPLICATION FOR SIGN PERMIT

**FEE IS $25.00**

DATE: _11/8/11_

NAME: _No WORRIES LLC_

ADDRESS: _Po Box 465    NoRRowsBuRg NY 12764_

TELEPHONE: _252-3000_

TAX MAP  SECTION: _10_  BLOCK: _2_  LOT: _3_

ZONE DISTRICT _DB_

PROPOSED LOCATION OF SIGN _On Kirk Rd_

SIZE: _4' x 8'_

ONE FACE _✓_                TWO FACES _____

HEIGHT FROM GROUND: (BOTTOM OF SIGN) _4'_
(TOP OF SIGN) _8'_

Provide, in triplicate, a scaled drawing to show:

Design
Dimensions
Colors of graphics
Sign structure
Illumination source
Placement of sign relative to the building or structure on which it is located
Location to nearby buildings, structures, street lines and property lines

_____          _11/8/11_
Signature of Applicant                   Date

APPLICATION VOIDED 1-3-2013
DUE TO INSUFFICIENT INFO
APPLICANT REFUSED TO SUBMIT GRAPHIC.
_Gary W. _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
EDWARD J. LANG,

                         Plaintiff,

                                                            **VERIFICATION**

           -against-

TOWN OF TUSTEN, NY, IGOR SMETANIUK
and GARY W. AMERBACH,

                         Defendants.
--------------------------------------------------------------------X

           EDWARD J. LANG, being duly sworn, deposes and says:

           That he is the plaintiff herein; that he has read the foregoing Complaint and knows

the content thereof; that same is true upon his personal knowledge or upon information

and belief.

Brandy L. Smith
Notary Public, State Of New York
Sullivan County Clerk's # 2733
Commission Expires June 30, 20 16

                                        EDWARD J. LANG

Sworn to before me this
___ day of June, 2014

Brandy R. Smith
Notary Public